FILED

DEC 15 2021

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1  Paul Den Beste
2  P. O. Box 742
   Cloverdale, CA 95425
3  (707) 975 5901
   E Mail: pauldenbeste@hotmail.com
4          pauldenbestecloverdale@gmail.com

5

6  Title 18 United States Code § 4 "Make Known" Relator

7                  UNITED STATES DISTRICT COURT
8                NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
9

10  Paul Den Beste,                          ) Case No:
    Title 18 United States Code §4 "Make Known" )
11  Relator                                  ) Relator Paul Den Beste's Certified
                     v.                      ) Mandatory Title 18 United States Code §4
12  David A. Bradlow, Fiduciary License #777, ) "Make Known" Report of Criminal
    California Department of Consumer Affairs ) Violations of Title 18 United States Code
13  Title 18 United States Code §4 Reported Violator ) §1341 and of Criminal Violations of Title
                                             ) 18 United States Code §1343 That
14  Aron Oliner (SBN 152373),                ) Facilitated Violations of California Penal
15  Title 18 United States Code §4 Reported Violator ) Code §96.5 (a) & (b), California Penal
    Code                                     ) §182(a), (1), (3), (4) & (5), California
16                                           ) Government Code §19990 (a) & (b);
17  Allison Lane (SBN 152384),               ) Committed by and Through Violations
    Title 18 United States Code §4 Reported Violator ) of California State Bar Rules 1.2.1, 3.1,
18                                           ) 3.3, 3.4, 4.1, 8.4, California Code of
19  Lynn Searle (SBN 146346) ,               ) Judicial Ethics Cannon 3 D. (1) & (2),
    Title 18 United States Code §4 Reported Violator ) California Business and Professions Code
20                                           ) §6068 (a), (b), (d) & (g).
21  Charles F. Haines (SBN 76655),           )
    Title 18 United States Code §4 Reported Violator )
22                                           )
    Marcus O. Colabianchi (SBN 208698)       )
23  Title 18 United States Code §4 Reported Violator )
                                             )
24

25                       **"Make Known" Report**

26      This is a certified mandatory "Make Known" Report required by Title 18 Unites States

27  Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
    Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
28  That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
    (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
    Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
    Professions Code §6068 (a), (b), (d) & (g).

                                          1

Code § 4 which provides:

> "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."

This document does not seek review of any State Court proceedings which is prohibited by Rooker v. Fidelity Trust Company, 263 U. S. 413 (1923) and District of Columbia Court of Appeasls v Feldman, (1983) 460 U. S. 460, 463. Instead, this document when on PACER is to be referred by its case number and Docket entries to the United States Attorney General, United States Department of Justice and the Department of Homeland Security and the United States Military at the Pentagon. This document is not intended to and does not waive any administrative remedies. This document is not intended to be against any person not yet known to have acted in conspiracy provision of Title 18 United States Code §1349 with David A, Bradlow, Aron Oliner (SBN152373), Allison Lane (SBN 152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655), all of whom know how and did abuse and corrupt judicial process by and through their collective violations of Title 18 United States Code §1341 and Title 18 United States Code §1343.

This document is constructed in the first person, by Flesh and Blood Natural Person Paul Den Beste. This document does not waive any Flesh and Blood Unalienable[1] Natural Person

_(signature)_

---

[1] UNALIENABLE. The state of a thing or right which cannot be sold.
2. Things which are not in commerce, as public roads, are in their nature unalienable. Some things are unalienable, in consequence of particular provisions in the law forbidding their sale or transfer, as pensions granted by the government. ***The natural rights of life and liberty are unalienable.*** Unalienable. (n.d.) *A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier.*. (1856)

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

2

1   Rights Endowed by The Creator as so Declared by, through and within, the Declaration of

2   Independence of 1776 and thereafter guaranteed protected by the Constitution of the United

3   States and the various Amendments thereto made applicable to and binding upon the individual

4

5   states by the Fourteenth Amendment to the United States Constitution.  Russell Allen Nordyke v

6   Mary V. King (9th Cir. May 2, 2011), 644 F. 3d 776.

7        This "Make Known" Relator report is based on my personal knowledge as a victim and

8   witness of government corruption that has occurred and continues to occur as committed by

9
    David A. Bradlow, whose contact information is listed below, and who, in collusion and in
10
    conspiracy with the following members of the State Bar of California, committed the criminal
11
12   acts reported in this "Make Known" Relator report;

13        David A. Bradlow                    Aron Oliner (SBN152373)
14        3947 23rd Street                    Duane Morris LLP,
          San Francisco, CA 94114-3302        1 Market Spear Tower Suite 2200
15        Phone: (415) 206 0635               San Francisco, CA 94105-1127
                                              Phone: 415-957-3000
16        FAX: (415) 206 0535                 Fax: 415-957-3001
          Email: bradlow@davidbradlow.com
17                                            Email: roliner@duanemorris.com

18        Allison Lane (SBN 152384)           Marcus O. Colabianchi (SBN 208698)
19        Duane Morris LLP,                   Duane Morris LLP,
          1 Market Spear Tower Suite 2200     1 Market Spear Tower Suite 2200,
20        San Francisco, CA 94105-1127        San Francisco, CA 94105-1127
          Phone: 415-957-3000                 Phone: 415-957-3000
21        Fax: 415-957-3001                   Fax: 415-957-3001
22        Email: Alane@duanemorris.com        Email: mcolabianchi@duanemorris.com

23        Lynn Searle (SBN 146346)            Charles F. Haines (SBN 76655)
          100 Pine Street, Suite 1250         400 McAllister Street
24        San Francisco, CA 94111-5235        San Francisco, CA 94102-4514
25        Phone: (415) 221 1798               Phone: (415) 551 4000

26

27   Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
     Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
28   That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
     (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
     Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
     Professions Code §6068 (a), (b), (d) & (g).

                                          3

FAX: (415) 651 9488
Email: lynn@searlelaw.com

**A.      The Law On Attorney Criminal Liability**

It is the duty of an attorney to support the Constitution and laws of the United States and of the State of California; to maintain the respect due to the courts of justice and judicial officers; to counsel or maintain those actions, proceedings, or defenses only as appear to him or her legal or just; to employ, for the purpose of maintaining the causes confided to him or her those means ***only as are consistent with truth,*** and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law. See California Business and Professions Code §6068 (a), (b) (c) & (d).

An attorney is an officer of the court, <u>Rusvovan v Rusvovan</u> (1969) 268 Cal. App. 2d 902, 907, who must conform to professional standards in whatever capacity he or she is acting in particular matter, <u>Crawford v State Bar of California</u> (1960) 54 Cal. 2d 659, 668 citing <u>Alkow v State Bar</u>, 38 Cal. 2d 257, 263; <u>Librarian v State Bar,</u> 21 Cal. 2d 862, 865.

When an attorney violates professional ethics, it is not necessary to show that a third person has actually suffered injury or loss by reason of the misconduct of an attorney before disciplinary action may be taken; the gravamen of such a proceeding is the violation by the accused of his oath and duties as an attorney, <u>Reznik v. State Bar of California</u> (1969) 1 Cal. 3d 198, 203-204.

The concealment by an attorney of facts from a court amounts to deceit and may form the basis of a charge for contempt. See <u>Daily v. Superior Court,</u> 4 Cal. App. 2d 127, 131 – 134, failure to disclose is deceit rising to the level of fraud and forms basis for contempt. California

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

4

Business and Professions Code §6068, subd. (d) (duty of truthfulness), requires an attorney to refrain from misleading and deceptive acts, without qualification or exception. An attorney may not use deception of the court under the guise of advancing a client's best interests. See Rogers v State Bar (1989) 48 Cal. 3d 300, 315 – 316. An attorney's offense of misleading the court need not be successful, but merely tend to mislead, in order to violate California Business and Professions Code §6103 and §6068 (d). See Pickering v. State Bar (1944) 24 Cal. 2d 141, 144-145.

An attorney's duty of candor is laid out in the California Business and Professions Code. California Business and Professions Code §6068(d) states that it is the duty of an attorney to "employ, for the purpose of maintaining the causes confided to him or her, those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."   And lest anyone take a violation of an attorney's duties lightly, the California Business and Professions Code contains a section that spells out the potential punishment. California Business and Professions Code §6103 states that "a willful disobedience or violation of an order of the court requiring him to do or forbear an act connected with or in the course of his profession, which he ought in good faith to do or forbear, and any violation of the oath taken by him, or of his duties as such attorney, constitute causes for disbarment or suspension." California Business and Professions Code §6106 discusses actions unfit for an attorney, that may result in discipline. The section states that "the commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

misdemeanor or not, constitutes a cause for disbarment or suspension. If the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension from practice therefor." California Business and Professions Code §6067 requires a lawyer "faithfully to discharge the duties of an attorney at law to the best of his knowledge and ability."

Regarding attorney candor with the court requirement, California State Bar Rule 3.3 approve by the California Supreme Court as effective November 1, 2018 states;

**Rule 3.3 Candor Toward the Tribunal**

(a) A lawyer shall not:
(1) knowingly make a false statement of fact or law to a tribunal* or fail to correct a false statement of material fact or law previously made to the tribunal* by the lawyer;
(2) fail to disclose to the tribunal* legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel, or knowingly* misquote to a tribunal* the language of a book, statute, decision or other authority; or
(3) offer evidence that the lawyer knows* to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence, and the lawyer comes to know of its falsity, the lawyer shall take reasonable* remedial measures, including, if necessary, disclosure to the tribunal,* unless disclosure is prohibited by Business and Professions Code section 6068, subdivision (e) and rule 1.6. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes* is false.

California distinguishes between truthful means of representation and seeking to mislead a court, an important distinction to make because as trial lawyers know of the possibility to present bits of evidence or information but in a manner that in its presented context is misleading. It is also possible to violate an attorney's duty of candor with the court by omission.

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

6

The ABA Model Rule 3.3 at Comment [3] notes there are circumstances where "failure to make a disclosure is the equivalent of an affirmative misrepresentation".

An attorney's duty of candor is also contemplated in California Business and Professions Code §6068 (d) and California State Bar Rule 3.3 (a) (1) – (3) and the seriousness of lack of candor is stated in California Business and Professions Code §6103. California Business and Professions Code §6106 discusses actions unfit for an attorney that may result in discipline. California Business and Professions Code §6007 requires a lawyer "faithfully to discharge the duties of any attorney at law to the best of his knowledge and ability." California Business and Professions Code §6128 actually impose misdemeanor criminal liability on a lawyer who engages in or consents to any deceit or collusion "with intent to deceive the court or any party.", California Business and Professions Code §6128(a). Punishment for violating this section is up to a six-month jail sentence or a fine of up to $2,500 or both.

All of the criminal corruption herein reported as having been and being committed by members of the state Bar of California is and was accomplished by and through the use of the United States Postal Service and by and through the use of electronic wire services, both of which used to promote, facilitate and accomplish the herein "Make Known" Report of criminal acts which therefore triggers the following United Stated Department of Justice derived POINTS AND AUTHORITIES OF WIRE AND MAIL FRAUD, to wit;

**B.     Points And Authorities Of Wire And Mail Fraud**

This "Make Known" Report demonstrates criminal violations of Title 18 United States Code §1341 and violations of Title 18 United States Code §1343 which state;

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

§1341. Frauds and swindles

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

§1343. Fraud by wire, radio, or television

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

Consistent with foregoing Title 18 United States Code §1341 and Title 18 United States

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

8

Code §1343, the following was obtained from the United States Department of Justice website regarding the elements of wire fraud and mail fraud, and states;

"The elements of wire fraud under Section 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme. *United States v. Briscoe*, 65 F. 3d 576, 583 (7th Cir. 1995) (*citing United States v. Ames Sintering Co.*, 927 F.2d 232, 234 (6th Cir. 1990) (per curiam)); *United States v. Frey*, 42 F.3d 795, 797 (3d Cir. 1994) (wire fraud is identical to mail fraud statute except that it speaks of communications transmitted by wire); *see also, e.g., United States v. Profit*, 49 F.3d 404, 406 n. 1 (8th Cir.) (the four essential elements of the crime of wire fraud are: (1) that the defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money; (2) that the defendant did so with the intent to defraud; (3) that it was reasonably foreseeable that interstate wire communications would be used; and (4) that interstate wire communications were in fact used) (*citing* Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.1341 (West 1994)), *cert. denied*, 115 S.Ct. 2289 (1995); *United States v. Hanson*, 41 F.3d 580, 583 (10th Cir. 1994) (two elements comprise the crime of wire fraud: (1) a scheme or artifice to defraud; and (2) use of interstate wire communication to facilitate that scheme); *United States v. Faulkner*, 17 F.3d 745, 771 (5th Cir. 1994) (essential elements of wire fraud are: (1) a scheme to defraud and (2) the use of, or causing the use of, interstate wire communications to execute the scheme), *cert. denied*, 115 S.Ct. 193 (1995); *United States v. Cassiere*, 4 F.3d 1006 (1st Cir. 1993) (to prove wire fraud government must show (1) scheme to defraud by means of false pretenses, (2) defendant's knowing and

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182a(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

9

1   willful participation in scheme with intent to defraud, and (3) use of interstate wire

2   communications in furtherance of scheme); *United States v. Maxwell*, 920 F.2d 1028, 1035 (D.C.

3   Cir. 1990) ("Wire fraud requires proof of (1) a scheme to defraud; and (2) the use of an interstate

4   wire communication to further the scheme.").''

5

6

7   Federal Rule of Civil Procedure 11 Signature of Title 18 United States Code § 4 "Make
    Known" Relator Paul Den Beste

8   Paul Den Beste
    P. O. Box 742

9   Cloverdale, CA 95425
    (707) 975 5901

10  E Mail: pauldenbeste@hotmail.com

11          pauldenbestecloverdale@gmail.com

12  C.   **Certified Facts of Mail and Wire Fraud and Swindle Committed in Connection
         With  The Below Listed Violations of California Penal Code §96.5, California Penal**
13       **Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b),**
         **State Bar of California Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4 and California Code of**
14       **Judicial Ethics, CANNON 3 D (1) & (2)**

15

16       My name is Paul Den Beste. I have personal knowledge of the information stated in the

17  following paragraphs 1 through 9 and as to the qualifying statement "I believe that" stated at the

18  beginning of paragraphs 10 through 20, my said belief is based on what logic militates me to

19  believe are logically assumed operative facts giving rise to underlying logically assumed

20  circumstances giving rise to the matters stated in each of those paragraphs 13 through 23

21  prefaced by the statement "I believe that".

22

23       I Declare;

24  1.   David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

25  (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will

26

27  Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
    Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
28  That Facilitated Violations of California Penal §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
    (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
    Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
    Professions Code §6068 (a), (b), (d) & (g).

                                              10

1   not be able to show that it is not true that on June 10, 2010 a lawsuit was filed against me in the

2   Civil Department of the Superior Court of California, County of San Francisco with assigned

3   case number of CGC-10-500462 whereon a listed Quiet Title Cause of Action sought to

4   extinguish my interest in real property located at 1072-1074 Filbert Street, San Francisco,

5   California.

6

7   2.      David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

8   (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) and

9   Charles F. Haines (SBN 76655) will not be able to show that it is not true that on January 23,

10  2012 a petition for damages was filed against me in the Probate Department of the Superior

11  Court of California, County of San Francisco with assigned case number of PTR-04-286962

12

13  whereon a listed California Probate Code Section §850 Quiet Title Cause of Action sought to

14  extinguish my interest in real property located at 1072-1074 Filbert Street, San Francisco,

15  California.

16

17  3.      David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

18  (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will

19  not be able to show that it is not true that on April 19, 2013 an "ORDER GRANTING MOTION

20  TO CONSOLIDATE OF ALL THE MATTERS IN THE ACTIONS" was filed in Superior

21  Court of California, County of San Francisco Civil Division case CGC-10-500462 which

22

23  specifically states with emphasis added to ***probate department*** and ***Probate Department***;

24

25          Having read the motion, the memoranda, the declarations in support of the
        motion, having considered the parties' oral arguments, and good cause appearing,
26      the motion to consolidate the cases for all purposes in the ***probate department*** is

27  Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
    Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
28  That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
    (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
    Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
    Professions Code §6068 (a), (b), (d) & (g).

1        hereby GRANTED.

2        The Court finds that the parties and facts are nearly identical. With the exception
3 of the plaintiffs and Carol Mardeusz, aka Carol VanZandt, the parties are the same. The facts underlying both actions are also the same and the respective
4 causes of action relate to the same facts and circumstances.

5        Furthermore, the Court finds that consolidation of these actions in the ***Probate***
6 ***Department*** will (1) avoid the risk of inconsistent judgments, (2) reduce the costs and delays resulting from multiple trials, and (3) conserve judicial resources. The
7 Court additionally finds that consolidation will not unduly complicate or delay trial.
8

9  4.      David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

10 (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will

11

12 not be able to show that it is not true that consistent with the April 19, 2013  "ORDER

13 GRANTING MOTION TO CONSOLIDATE OF ALL THE MATTERS IN THE ACTIONS"

14 identified in foregoing paragraph 3, Judge Peter J. Busch of Probate Department of The Superior

15 Court of California, County of San Francisco entered JUDGMENT on February 18, 2015 that

16 incorporated by attachment a SETTLEMENT AGREEMENT AND RELEASE containing

17 paragraph 9 terms that discharged all claims against me alleged in the complaints of Superior

18

19 Court of California, County of San Francisco Consolidated cases PTR-05-286962 / CGC-10-

20 500462.

21  5.      David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

22 (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will

23

24 not be able to show that it is not true that Paragraph 9 of the SETTLEMENT AGREEMENT

25 AND RELEASE referenced in foregoing paragraph 4 that was made a part of and attached to the

26 February 18, 2015 JUDGMENT states;

27 Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
28 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

> 9. Plaintiff and petitioner on behalf of their heirs. executors, trustees, beneficiaries, administrators and assigns, and any person claiming by, through, or under them collectively, does hereby unconditionally release and discharge defendants Mazzaferro, Lotchk Corporation, Great Sunset Ventures. Inc .. Robert Van Zandt. and Paul Den Beste, their present and former employees, agents, officers. insurers relating to the Action, directors and attorneys, both individually and in their representative capacities, their successors and assigns, from any and all claims, Charges, complaints, demands, damages, causes of action, or disputes of any kind or nature relating to the Action, whether alleged or could have been alleged and whether known or unknown.

6.      David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will not be able to show that it is not true that Honorable Judge Peter J. Busch in the Probate Department of the Superior Court of California, County of San Francisco in Consolidated cases PTR-05-286962 / CGC-10-500462 issued on February 18, 2015 a companion order that is inextricably intertwined with and made a part of his February 18, 2015 JUDGMENT which did not grant Petitioner's / Plaintiff's extensively litigated motion for appointment of a receiver and that said not granting of said motion was based on appointment of a receiver being beyond the scope and established law of what a Judge can order on a motion directed to a California Code of Civil Procedure §664.6 contract and also because appointment of a receiver was not agreed upon in the SETTLEMENT AGREEMENT AND RELEASE contract that was made a part of and attached to the February 18, 2015 JUDGMENT.

7.      David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will not be able to show that it is not true that Honorable Judge Peter J. Busch in the Probate Department of the Superior Court of California, County of San Francisco in Consolidated cases

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

13

1  PTR-05-286962 / CGC-10-500462 at an August 27, 2015 hearing on Petitioner's / Plaintiff's

2  motion to vacate the February 18, 2015 JUDGMENT denied the motion to vacate the February

3  18, 2015 JUDGMENT and to vacate the February 18, 2015 companion order that did not grant

4  the appointment of a receiver and that in his denial Honorable Judge Peter J. Busch made

5  statements reflected in the August 27, 2018 Court Reporter Transcript describing the motion and

6  oral argument to vacate as "frivolous", page 7 lines 19-20; "Your theory is absurd", page 7 lines

7  26–27; "makes no sense", page 11 lines 6–11.

8  8.    David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

9  (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will

10  not be able to show that it is not true that on April 25, 2018 the California First District Court of

11  Appeal in case A146778 affirmed the entirety of the February 18, 2015 JUDGMENT and the

12  February 18, 2015 companion order that did not grant the appointment of a receiver which was

13  and is inextricably intertwined with that February 18, 2015 JUDGMENT.

14  9.    David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

15  (SBN 146346) and Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655)

16  either individually or collectively, will not be able to show that it is not true that the February 18,

17  2015 JUDGMENT issued by Judge Peter J. Busch in Superior Court of California, County of

18  San Francisco consolidated cases PTR-05-286962 / CGC-10-500462 was given full faith and

19  credit by various Federal Courts that resulted in the settlement of the following Federal Court

20  cases:

21        1.    United State Bankruptcy Court Northern District of California, San
              Francisco Division case 12-32655 In re ROBERT VAN ZANDT

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
(5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
Professions Code §6068 (a), (b), (d) & (g).

14

1          February 4, 2016 Order of Discharge;

2     2.   United States Bankruptcy Court Northern District of California,
3          San Francisco Division case Adversary Proceedings case # 12-
           03183 Edith Mazzaferri v Robert Van Zandt;
4
5     3.   United States Bankruptcy Court Northern District of California,
           San Francisco Division case Adversary Proceedings case # 12-
6          03184; William Parisi v Robert Van Zandt;

7     4.   United States Bankruptcy Court Northern District of California,
8          San Francisco Division case Adversary Proceedings case # 12-
           03240; Ronald Mazzaferro v William Parisi, et al.;
9
10    5.   United States Bankruptcy Court Northern District of California,
           San Francisco Division case Adversary Proceedings case # 12-
11         03241; Robert Van Zandt v Sakauye, et al.;

12    6.   United States Court of Appeal for the Ninth Circuit case # 14-15235 In re
13         Robert Van Zandt settled appeal of United States District Court, Northern
           District of California case 4:13-cv-00702 CW;
14
15    7.   United States Court of Appeal for the Ninth Circuit  case # 14-15237 In
           re Robert Van Zandt settled appeal of United States District Court,
16         Northern District of California case 4:13-cv-01568 CW;

17    8.   United States Court of Appeal for the Ninth Circuit case # 14-15238 In re
18         Robert Van Zandt settled appeal of United States District Court, Northern
           District of California case 4:13-cv-02765 CW;
19
20    9.   United States Court of Appeal for the Ninth Circuit case # 14-15239 In re
           Robert Van Zandt settled appeal of United States District Court, Northern
21         District of California case 4:13-cv-04200 CW;

22    10.  United States Court of Appeal for the Ninth Circuit  case # 14-15943 In
23         re Robert Van Zandt settled appeal of United States District Court,
           Northern District of California case 4:14-cv-01528 CW;
24
25    11.  United States Court of Appeal for the Ninth Circuit  case # 14-15919
           Parisi v Mazzaferro settled appeal of United States District Court,
26         Northern District of California case 4:14-cv-00759 CW;

27    Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
      Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
28    That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
      (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
      Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
      Professions Code §6068 (a), (b), (d) & (g).

12.      United States Court of Appeal for the Ninth Circuit case # 14-15513
Robert Van Zandt v William Parisi settled appeal of United States
District Court, Northern District of California case 4:14-cv-00562 CW;

13.      United States Court of Appeal for the Ninth Circuit case # 14-15515
Robert Van Zandt v William Parisi settled appeal of United States
District Court, Northern District of California case 4:14-cv-02084 CW;

14.      United States Court of Appeal for the Ninth Circuit case # 14-15526
Robert Van Zandt v William Parisi settled appeal of United States
District Court, Northern District of California case 4:14-cv-03711 CW;

15.      United States Court of Appeal for the Ninth Circuit  case # 15-15987
Ronald Mazzaferro, et al. settled appeal of United States District Court,
Northern District of California case 3:14-cv-01706 WHO;

16.      United States Court of Appeal for the Ninth Circuit  case # 15-15988
Ronald Mazzaferro, et al. settled appeal of United States District Court,
Northern District of California case 3:14-cv-01707 JST;

17.      United States Court of Appeal for the Ninth Circuit case # 15-15989
Ronald Mazzaferro, et al. settled appeal of United States District Court,
Northern District of California case 3:14-cv-02623 WHO;

18.      United States Court of Appeal for the Ninth Circuit case # 15-15990
Ronald Mazzaferro, et al. settled appeal of United States District Court,
Northern District of California case 3:14-cv-02624 JST.

10.     I believe that David A. Bradlow, Aron Oliner (SBN 152373), Lynn Searle (SBN 146346) and Marcus O. Colabianchi (SBN 208698) will not be able to show that it is not true that each of them knew that as of no later than the May 13, 2016 ORDER GRANTING *EX PARTE* APPLICATION BY RECEIVER TO EMPLOY GENERAL COUNSEL David A. Bradlow had knowingly and deliberately filed on July 29, 2015 a ***Pro Per*** RECEIVER'S OATH in Superior Court of California, County of San Francisco consolidated cases PTR-05-286962 / CGC-10-500462 that states on page 2 lines 3 - 8 with emphasis added;

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

16

1. I have been duly sworn to perform the duties of receiver faithfully on the date shown below next to my signature, and swear to faithfully discharge and perform the duties of receiver in the above-entitled action, ***and to obey all orders of the Court in this action.***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct Executed this July 23, 2015 day of July, 2015 in San Francisco, California.

11.    I believe that David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will not be able to show that it is not true that individually or collectively they know that David A. Bradlow perjured his Pro Per July 19, 2015 RECEIVER'S OATH by never complying with paragraph 9 of the SETTLEMENT AGREEMENT AND RELEASE attached to and made a part of the February 18, 2015 JUDGMENT, and that states;

9. Plaintiff and petitioner on behalf of their heirs. executors, trustees, beneficiaries, administrators and assigns, and any person claiming by, through, or under them collectively, does hereby unconditionally release and discharge defendants Mazzaferro, Lotchk Corporation, Great Sunset Ventures. Inc .. Robert Van Zandt. and Paul Den Beste, their present and former employees, agents, officers. insurers relating to the Action, directors and attorneys, both individually and in their representative capacities, their successors and assigns, from any and all claims, Charges, complaints, demands, damages, causes of action, or disputes of any kind or nature relating to the Action, whether alleged or could have been alleged and whether known or unknown.

12.    I believe that David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will not be able to show that it is not true that individually and or collectively they know that David A. Bradlow perjured his Pro Per July 19, 2015 RECEIVER'S OATH by never complying with the April 25, 2018 decision from the California 1st District

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

Court of Appeal case A146778 that affirmed the entirety of the February 18, 2015 JUDGMENT

with the SETTLEMENT AGREEMENT AND RELEASE attached and made a part of that

JUDGMENT and which states at paragraph 9;

> 9. Plaintiff and petitioner on behalf of their heirs. executors, trustees,
> beneficiaries, administrators and assigns, and any person claiming by, through, or
> under them collectively, does hereby unconditionally release and discharge
> defendants Mazzaferro, Lotchk Corporation, Great Sunset Ventures. Inc .. Robert
> Van Zandt. and Paul Den Beste, their present and former employees, agents,
> officers. insurers relating to the Action, directors and attorneys, both individually
> and in their representative capacities, their successors and assigns, from any and
> all claims, Charges, complaints, demands, damages, causes of action, or disputes
> of any kind or nature relating to the Action, whether alleged or could have been
> alleged and whether known or unknown.

13.    I believe that David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN

152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F.

Haines (SBN 76655) will not be able to show that it is not true that individually and or

collectively they know that Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn

Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN

76655) have condoned, assisted, enabled and facilitated David A. Bradlow to knowingly,

deliberately, wantonly and overtly perjure his Pro Per July 19 ,2015 RECEIVER'S OATH by

them further assisting, condoning, enabling and facilitating David A. Bradlow to never comply

with and to violate paragraph 9 of the SETTLEMENT AGREEMENT AND RELEASE attached

to and made a part of the February 18, 2015 JUDGMENT, and that states;

> 9. Plaintiff and petitioner on behalf of their heirs. executors, trustees,
> beneficiaries, administrators and assigns, and any person claiming by, through, or
> under them collectively, does hereby unconditionally release and discharge
> defendants Mazzaferro, Lotchk Corporation, Great Sunset Ventures. Inc .. Robert
> Van Zandt. and Paul Den Beste, their present and former employees, agents,

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
(5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
Professions Code §6068 (a), (b), (d) & (g).

18

officers. insurers relating to the Action, directors and attorneys, both individually and in their representative capacities, their successors and assigns, from any and all claims, Charges, complaints, demands, damages, causes of action, or disputes of any kind or nature relating to the Action, whether alleged or could have been alleged and whether known or unknown.

14.     I believe that Charles F. Haines (SBN 76655) will not be able to show that it is not true that he has direct access to all of the foregoing information of criminal obstruction of justice violations of California Penal Code §96.5 and that he acted in California Penal Code §182(a), (1), (3), (4) & (5) criminal conspiracy with David A. Bradlow, Aron Oliner (SBN 152373). Allison Lane (SBN 152384), Lynn Searle (SBN 146346) and Marcus O. Colabianchi (SBN 208698) to violate California Penal Code §96.5 (a) & (b) which state;

(a) Every judicial officer, court commissioner, or referee who commits any act that he or she knows perverts or obstructs justice, is guilty of a public offense punishable by imprisonment in a county jail for not more than one year.

(b) Nothing in this section prohibits prosecution under paragraph (5) of subdivision (a) of Section 182 of the Penal Code or any other law.

15.     I believe that Charles F. Haines (SBN 76655) will not be able to show that it is not true that he knowingly, deliberately, wantonly and willingly facilitated the foregoing disclosed criminal acts to be performed and committed in a Tax Payer Funded Public Building in violation of California Government Code §19990 which provides in relevant part;

§19990

A state officer or employee shall not engage in any employment, activity, or enterprise which is clearly inconsistent, incompatible, in conflict with, or inimical to his or her duties as a state officer or employee.

(a) Using the prestige or influence of the state or the appointing authority for the officer's or employee's private gain or advantage or the private gain of another.

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

19

1          (b) Using state time, facilities, equipment, or supplies for private gain or
advantage.

2    16.    I believe that David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN

3    152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F.

4

5    Haines (SBN 76655) will not be able to show that it is not true that the foregoing criminal acts

6    were by them committed and facilitated by their individual and collective corrupted and

7    perverted felony wire fraud violation of Title 18 United States Code §1343 use of the electronic

8    Texas based electronic court filing system known as File&ServeXpress which is an innocent

9    victim of the above criminal acts facilitated and committed by David A. Bradlow, Aron Oliner

10   (SBN 152373), Allison Lane (SBN 152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi

11

12   (SBN 208698), and Charles F. Haines (SBN 76655).

13   17.    I believe that David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN

14   152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F.

15

16   Haines (SBN 76655) will not be able to show that it is not true that the foregoing criminal acts

17   were by them committed and facilitated by and through their individual and collective felony

18   violation of Title 18 United States Code §1341 corrupted use of the United States Postal Service

19   by them using said United States Postal Service to mail documents that facilitated the foregoing

20
criminal acts by them committed.
21

22   18.    I believe that Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

23   (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will

24   not be able to show that it is not true that as members of the State Bar of California the foregoing

25   shows that each of them individually, or collectively acting in a conspiracy violation of

26

27   Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
28   That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
(5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
Professions Code §6068 (a), (b), (d) & (g).

20

1   California Penal Code §182(a), (1), (3), (4) & (5), violated the following California State Bar

2   Rules;

3
4   **California State Bar "Rule 1.0 Purpose and Function of the Rules of**
    **Professional Conduct** (Rule Approved by the Supreme Court, Effective
5   November 1, 2018)" et. seq.; California State Bar 1.0.1 (d), Comment [3];
    California State Bar 1.2.1 (a), Comment [2], Comment [5],  supported by
6   EXECUTIVE SUMMARY to NEW RULE OF PROFESSIONAL CONDUCT
    1.2.1 (Former Rule 3-210) Sections (a), (b) (1), (2), (3), (c), (d) (1), (2). (3), (4)
7   and (5);

8
    **California State Bar Rule 1.2.1 Advising or Assisting the Violation of** Law (a),
9   Comment [1], Comment [2], Comment [3], Comment [4], Comment [5],
    Comment [6];
10
    **California State Rule 3.1 Meritorious Claims and Contentions** (a) (1) & (2)
11
12  **California State Bar Rule 3.3 Candor Toward the Tribunal** (a) (1), (2), (3),
    (b), (c) Comment [1], Comment [2], Comment [3], Comment [4], Comment [5],
13  Comment [6], Comment [7], Comment [8], Comment [9];

14
    **California State Rule 3.4 Fairness to Opposing Party and Counsel** (a), (b), (c),
15  (d), (e), (f). (g), Comment [1], Comment [2];

16
    **California State Rule 4.1 Truthfulness in Statements to** Others (a) & (b),
17  Comment [1], Comment [3], Comment [2], Comment [3], Comment [4];

18
    **California State Rule 8.4 Misconduct** (a), (b), (c), (d), (e), (f); Comment [1],
19  Comment [2], Comment [3], Comment [4], Comment [5], Comment [6].

20  19.    I believe that Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle

21  (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will

22  not be able to show that it is not true that as members of the State Bar of California the foregoing

23  shows that each on them individually, or collectively, acting in a conspiracy violation of

24  California Penal Code §187(a), (1), (3), (4) & (5), violated the following California Business and

25
26  Professions Code §6068 (a), (b), (d) &(g) which state;

27  Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal
    Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343
28  That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) &
    (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar
    Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and
    Professions Code §6068 (a), (b), (d) & (g).

6068.

It is the duty of an attorney to do all of the following:

(a) To support the Constitution and laws of the United States and of this state.

(b) To maintain the respect due to the courts of justice and judicial officers.

(d) To employ, for the purpose of maintaining the causes confided to him or her those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law.

(g) Not to encourage either the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest.

20.    I believe that Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655) will not be able to show it is not true that Charles F. Haines (SBN 76655) of the Bench of the Superior Court of California, County of San Francisco had and has access to the records of the foregoing criminal acts committed by David A. Bradlow, Aron Oliner (SBN 152373), Allison Lane (SBN 152384), Lynn Searle (SBN 146346), Marcus O. Colabianchi (SBN 208698), and Charles F. Haines (SBN 76655), and that no judge on that Bench of the Superior Court of California, County of San Francisco has complied with California Code of Judicial Ethics, CANNON 3 D (1) & (2) that state;

### D. Disciplinary Responsibilities

(1) Whenever a judge has reliable information that another judge has violated any provision of the Code of Judicial Ethics, that judge shall take appropriate corrective  action, which may include reporting the violation to the appropriate authority. (See  Commentary to Canon 3D(2).)

(2) Whenever a judge has personal knowledge,* or concludes in a judicial decision,  that a lawyer has committed misconduct or has violated any provision of the Rules of  Professional Conduct, the judge shall take

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

22

appropriate corrective action, which may include reporting the violation to the appropriate authority.

## Certification Pursuant to Federal Rule of
## Civil Procedure 9-1(e)(1)(A)

I certify under penalty of perjury that the information contained in foregoing paragraphs 1 through 9 is true of my own personal knowledge and that I believe to be true the information that is contained in foregoing paragraphs 10 through 20.

Executed on Date: _____

_____

Signature of Title 18 United States Code § 4 "Make Known" Relator Paul Den Beste
Paul Den Beste
P. O. Box 742
Cloverdale, CA 95425
(707) 975 5901
E Mail: pauldenbeste@hotmail.com
        pauldenbestecloverdale@gmail.com

Relator Paul Den Beste's Certified Mandatory Title 18 United States Code § 4 "Make Known" Report of Criminal Violations of Title 18 United States Code §1341 and of Criminal Violations of Title 18 United States Code §1343 That Facilitated Violations of California Penal Code §96.5 (a) & (b), California Penal Code §182(a), (1), (3), (4) & (5), California Government Code §19990 (a) & (b); Committed by and Through Violations of California State Bar Rules 1.2.1, 3.1, 3.3, 3.4, 4.1, 8.4, California Code of Judicial Ethics Cannon 3 D. (1) & (2), California Business and Professions Code §6068 (a), (b), (d) & (g).

23